Next, Houston Specialty v. Vaughn, et al. May it please the Court, my name is Robert Darra and I represent Houston Specialty in this matter. This case really involves the interplay of three concepts. The first, obviously, is the common law definition of who is an employee. The second concept is how does that interplay with the workers' compensation statute, which is in derogation of the common law. And then the third issue is how does all of that fit within the general liability insurance policy issued by Houston Specialty. Can I ask you a question just to kind of set the stage? Is it common ground here that employee status, either under the common law or under the statute, brings you within the exclusion? It was definitely the trial court's position to that effect. There are cases that also say that, so we stuck with that when we went past summary judgment with the trial court for purposes of the trial. So for our purposes, either common law employee or statutory employee excluded? Not necessarily, and here's the reason I say that. If you look at the workers' compensation statute, which is what all of the language about who is a statutory employee, I like to call them employees under the workers' compensation statute because the term statutory employee really doesn't exist in the statute. It's created by courts. The statute says in the very first sentence of 440.02, when used in this chapter, unless the context clearly requires otherwise, and then it goes into the definition. So it's very clear that the purpose of the statute was never to go beyond the employment relationship for purposes of workers' compensation benefits. We have in our scheme of laws, we have the common law definition of who's an employee and who's an agent. We have tax definitions of who's going to be considered an employee. For example, a residential servant. In the workers' comp statutes in each state, we also have something in derogation of the common law, which is the workers' comp statute. So although most cases do tend to go in that direction, that is not literally what the statute says. So like, help me, and I don't recall the context of the case, but I'm looking at this quotation from a case called Florida Insurance Guarantee versus Reveredo. Statutory employees have been treated identically to actual employees in relation to standard employee exclusion clauses. That is correct. That's Florida law, right? Yes. Statutory employee, and for our purposes here, statutory employee is the workers' comp statute. That's what we're talking about, right? Yes. The definition of employee in that statute, I believe, is what the courts are referring to when they say statutory. Got it. So I think then the answer to my initial question is yes, either a common law employee or statutory employee defined through the workers' comp statute exclusion. Yes. Okay, fine. Did you object to the jury instructions by the court on the definition from the statute? Yes. We took the position, the judge made it very, very clear after my first few objections that she was going to charge both the statutory employee and the common law definition of employee. Which was consistent with your pleadings. Which was consistent with the fact that we raised both issues in the pleadings, yes. Did you ever tell the judge, wait, we've changed your mind? Not in that sense. We did raise it in our summary judgment motion. He was giving you the instructions that your pleadings requested, basically. After ruling on summary judgment against us on that issue, yes, Your Honor. We had raised by some . . . But we're not . . . I understand. But all these jury instruction issues, I looked at them closely. And time after time after time, you either requested them or you didn't object or both. I don't find one that you specifically objected to that you preserved the issue. Maybe I've overlooked one of them. We definitely, because I cited to the ones in the record and quoted from the record where we did object initially and then when the judge had ruled against us a couple of times when she'd ask, are there any other objections to it, I'd say only the things that we previously raised. But the jury instructions came after that. Yes. And I've said in the record, only objections I have are the ones I've previously raised. That doesn't cut it. You've got to . . . I'll give you an example of something that really doesn't cut it. You asked for the instruction on burden of proof and then didn't object to it and now arguing we ought to reverse the district court because it gave you what you asked for. Because it didn't . . . when it gave its decision to add language out of 440-02, there is a section in there that puts a very limited burden of proof on person who is alleging that they are an independent contractor or employee. I thought it gave exactly your instruction on burden of proof. She did. But she added language to the charge that we didn't ask for. In which you didn't object to. That is correct. Okay. But we did object to the fact that it didn't encompass what we had asked for as well. Can I ask you another question about the interaction between the common law employee instruction and the statutory employee instruction? I can tell just looking at the instructions that the font changes, I assume. Between pages 9 and 10, something changes and I assume that these were submitted instructions that the district court pieced together. So you're the party here who wants Vaughn desperately to be an employee, right? Correct, Your Honor.  Why then could it possibly prejudice you to give the jury two bites at that apple? You can find him an employee this way or that way. I don't understand how that could possibly be bad for you. The part that is bad for us is she did not separate those out because we can't now determine which one the jury did. Here's where it makes a difference. Didn't they say no on both? They said no to the combined question of whether he is a statutory, was an employee, which meant by what she charged, a statutory employee or a common law employee. She gave two definitions and they said no. Correct. Now here's where that becomes the problem. In order to be a statutory employee, then Mr. Vaughn has to be an independent contractor. If Mr. Vaughn is an independent contractor under the worker's compensation statute, then he has to be involved in the construction industry and he has to be- To cut it down to a hundred grand. Yes. And so the dilemma with the way the court charged, and as I pointed out to the court, we needed to separate those two. If what they were saying was no, he is not a common law employee, but yes, he was a subcontractor under the statute who we'll treat as a statutory employee, then the court needed to know that. Did you object to the verdict form? Yes. I said that we needed ... I didn't object after she read it. I did object during the charge conference and when we talked about the verdict form because I said you have to separate these out, Judge, otherwise we will not have a clear verdict from the jury. And so the analysis is either he's a common law employee and completely excluded or a statutory employee and a completely excluded. Which kicks in the ... No. It does sort of both. If he's a statutory employee, he's not covered at all. If he is a statutory employee, but an independent contractor, then that kicks in the independent contractor endorsement and by definition- Construction project issue. And that makes that issue move. You have an instruction on the construction project issue. We did submit, both submitted charges and the judge gave a charge of her own on the verdict, which was just you ... Basically, I'm going to translate it, use your common sense. It's what a common person would understand. It sounds pretty good from what I've read in the cases on that. There isn't a lot of case law on construction projects. So it's the circumstances, basically. All right. What did the jury find about that? The jury found that they were not in a construction project and not in the construction industry. That, Your Honor, is where we have the confusion in the verdict form. If the jury was determining in any way, shape, fashion, or form that he was an independent contractor under the workers' compensation statute and he filed an exemption form, which might not make him a statutory employee, and we're speculating on whether that's what the jury did, but if that's what they found and they took him out of either a common law employee or a statutory employee, then by doing that, he's automatically an independent contractor, automatically in the construction industry, and automatically in a construction project. All right. We'll give you seven minutes to reply and hear from Mr. Martinez. Good morning. Shortly after Enoch Vaughn was injured, and this was the testimony at the trial, he found himself in the hospital with tubes and drugs and was dealing with the concept of being paralyzed for life when a social worker poached him with numerous forms and said, you fill out every single one of these because whether you get approved or not, sometimes they make a mistake and you might get something to help you out here, so he filled them all out. One of those happened to be an application for workers' comp, and subsequently, the workers' comp carrier denied it, finding that he was not an employee of All-Florida. And at that point, he instructed his lawyer to withdraw the petition because he considered himself to be an independent contractor. When Houston Specialty got a hold of the application for workers' comp, they became enamored with that application and that got us ultimately to where we are today. In the meantime, and going back to when Enoch Vaughn and MTV Painting began working as a We had prepared a contract which dealt with installing windows and things of that nature three years prior to the accident. In the meantime, relationships evolved as they often do, and there's a very good reason that the law says that the title that parties place on a relationship don't control, and that's why we've got all of these common law and statutory factors. Did the jury know that he was turned down for workers' comp? Yes, sir. I believe so. I'd have to go back and revisit that specific part of the testimony, but I believe they were informed of that. He told them that he had instructed his lawyer to withdraw the petition because he thought it was not true and because he had been denied by the comp carrier. I imagine the lawyer advised him before he issued that instruction to the lawyer to say, not that it matters, I just can't imagine someone in his condition saying, you know, I've been thinking about the legal implications of my application. I would tend to agree. Yes. Yes. In any event . . . It was good advice. Yes, it was. Fast forward to the . . . we get to the trial. There was plenty of evidence, and not every factor lined up perfectly, and I've never seen them line up perfectly, but in this case, there was an abundance of evidence as to Enoch Bond that he was an independent contractor, and I could rattle them all off, but things like having the $10.99 being paid per job, having his own insurance, having his own computers, his own equipment, so on and so forth. Are you arguing that no reasonable jury could find that he was an employee or simply that there was sufficient evidence to find that he was not? The latter. I think there were disputed issues. Then you've got to face his issue that there was confusing verdict form on that. We disagree that there was a confusing verdict form on that. Because? Because the law is actually quite consistent in this area. We've got two manners in which somebody can be determined to be an employee, and you've got common law and you've got statutory. The common law we've talked about statutorily, we've got the worker's comp statute, and then of course, we've got reverato that says you can rely on that to be an employee. Under the common law scheme, it rises and falls on construction industry. There's a split, excuse me, not common law, under the comp statute, there's a split. Construction industry is an exception. The way the statute is written, it starts by saying here is who is an employee, here is who is an independent contractor, and there's an exception, unless you are in the construction industry. In that case, if you're in the construction industry, and then it's defined of course, an independent contractor will be considered an employee. That instruction was given to the jury. The instructions from the comp statute follow along on what an employee is, what an employee is not, and then comes sub 10, which is if you're in the construction industry, you will be considered an employee if you're an independent contractor. Can I ask you a question? You can tell me why this is too simple minded, but setting aside all the construction industry stuff, there's this provision, or actually there are two provisions in the comp statute that say the same thing, quote, in effect, an officer of a corporation who elects to be exempt from this chapter by filing a notice is not an employee. Why doesn't that resolve the statutory employee issue? Our position is that it does. It's an alternate way of resolving the same question. So all of the other stuff that's going on here about statutory employee is just noise? It's noise, sure. There's a specific provision that says if you are an officer, and you are a subcontractor, and you're in the construction industry, you're not an employee, period. It's an exception to the exception, because it takes you out of it. For those reasons, we do not believe that the verdict was inconsistent. There's a possibility that it could have been inconsistent. For instance, if the jury determined that he was an employee, and then determined that this was not a construction project, it would be, we would have some difficulty here. But that's not what they decided. The manner in which this verdict form came down ultimately, and we spent a lot of time with this, of course, was the only manner that I could think of at the time which put all these concepts together in a consistent manner. Ultimately, the jury viewed the evidence the same way as we did, and came down with a very consistent verdict, given the instructions that they were given. The rest of the materials are well briefed. The cases are pretty clear. Unless the court has any specific questions, I'll wrap it up. What was the evidence that Bond was not performing a construction project? His own testimony, is that what it was? That was part of it. There was much more to it. There was testimony that what it involved was pressure. This was, by the way, I don't know if it became that clear in the briefs, this was a mobile home with an aluminum roof. The job involved cleaning it off, pressure washing it, and then rolling on with a paint roller a sealer. That was part of what the jury considered. In addition to that, there was no actual construction in a typical sense. There was an absence of evidence on construction for installing drywall, installing windows, things of that nature. It wasn't the construction of a mobile home or something. It was some sort of a van or something like that, or a bus, and he was putting a new roof on it or something like that? It was a mobile home. It wasn't like an Airstream, but it was like one that you see in a mobile home park that sets down on a concrete pad. The actual act is analogous, or is, the same skill as rolling on paint. You literally took a roller, got it on the roller, and painted it across the surface. That was what we were talking about. The testimony in which he was asked if he thought he was engaged in construction, how is that admissible? He's a tradesman, and it may not be admissible, but there was no objection at the time. Certainly in terms of lay opinion, lay opinion can be admissible if the right predicate is laid. At that point, had the objection been made, we could have laid the predicate. He had been doing this for 40 years. I don't see how the term construction project in the definition under Florida law is subject to lay opinion. It just seemed odd to me. Would you consider this more along the lines of homeowner's maintenance? Yes. Would you consider or describe this as a construction project? No. Tell us why. No construction, just coating. Did you construct anything? No. What did you do? I just coated the roof. Roof's leaked. If you're flat, the water's going to find it out. I put the coat on there. That's all I did. It usually takes an hour. Then, the jury determines whether it's subject to the judge's . . . You're right. No objection there, just like most of the jury instructions. The import of his testimony was precisely how you've described it. He went on to talk about how he did it and what it involved and so on and so forth. Even without that question, there was an evidentiary basis, is our position, for the jury to have concluded that this was not a construction project. In fact, what we argued . . . Of course, arguments are not evidence, but what we argued in summation was to a reasonable person in a car driving by, watching a man rolling what appears to be paint on the roof of a mobile home, it would be unreasonable for someone in that car to say, look at that construction project. The court did, fortunately, instruct the jury, you should give the term construction project plain and ordinary, meaning read aloud of the skill and experience of ordinary people. Right. So, with that, I'll go ahead and wrap it up. Thank you. Thank you. Mr. Darrow, seven minutes. Let me sort of work backwards through what was said. On the question of whether he's performing construction or in a construction industry or a construction project, we've got a case, it's not binding on this court, it comes out of the First District Court of Appeals for Florida that deals with this process. It's the case that we cited in our brief. It's the Cosello case at 932 Southern 2nd, 1230. It's First District Court of Appeals, exact same process. Manufactured homes' roofs basically deteriorate faster than normal. So you go in, you clean them, and you apply a roof coating, which is the same as re-roofing the structure. That's the way you redo a roof on a manufactured home. So what you've got is somebody who, if we oversimplified it to a van, yes, it wouldn't be construction. But when you're talking about what is the manufactured home equivalent of resurfacing a house or rebuilding the roof, that's what we're involved in here, and that's what makes it the construction industry. The problem with Coselli is that in the operative language, two sentences. The first they say repaired or sealed the roof is enough, and then the next sentence says because he repaired and sealed the roof. Well, repair is more like construction work than just . . . you wouldn't say if somebody was painting the exterior walls of a house that they were constructing the house. But exactly the process, when you go back to Mr. Mendenhall's role in this, he would come out. He would examine the roof and determine if additional structural changes had to be met. The whole description of the process by Mr. Vaughn was to make sure that he didn't step on any of the areas of the roof that were weakened over time that he needed to replace. In this particular situation, he fell during the pressure washing process, but he was there to do the whole job. It's just he didn't get a chance to get past the first hour or two before he was done. The whole job was pressure washing and sealing. And replacing any of the damaged roof parts. I thought that had to be done first. It would have been after you wash. That's the process. Any evidence in this case that something needed replacing was going to be . . . One of the first things that Mr. Vaughn testified to was he didn't know if he fell off the roof or he stepped through the roof. We started with, he had some testimony of himself, he was the only witness, that those were the two things that went on. But for purposes of whether he was an employee, neither one of those mattered. For purposes of Ficcicillo distinction, yes, that might make a difference in the applicability of that case. But if you read his description of the process, it's very clear it was a re-roofing process for a manufactured home. I'll turn to the second issue that was raised, which is the issue of what is the purpose of the workers' comp exemption? I think there's a presumption that when you say exemption, you're exempting him from being an employee. If you look at 440.02 and then you look back at, I believe it's 440.01 or 5, which deals with the workers' comp exemption, what that does is it takes away the benefits. Remember what workers' comp does. Workers' comp says, we're going to take people who are not maybe traditionally employees, we're going to provide them with a benefit, that benefit is workers' compensation benefits. In addition to that, we're going to give the employer tort immunity for any injuries to a person that has been treated as an employee. The exemption says if you have certain things that are met, you're a self-owner of a business, you're a 10% shareholder in a business, things of that nature, you can file an exemption whereby your company does not pay the premium for workers' comp and you do not get the benefits from workers' comp. It doesn't take you out of the statutory definition of being an employee, it just says you're not going to qualify for the workers' compensation benefits. He would still have qualified as a statutory employee simply because he meets the definition of it as working in the construction industry as a subcontractor. What about my question about 15B3 and 15B8 that says an officer of a corporation who elects to be exempt from the chapter by filing a notice is not an employee? For purposes of this statute. Yeah, but I mean, you and I discussed at the very beginning of the argument that for purposes of this statute, there are two ways to be an employee within the meaning of an exclusion, common law and statutory, and that the statutory avenue for this case is this statute. The statutory avenue for this case is this statute, but it takes him out of the employee for purposes of the benefits. Let me go back and look. I've got it here. You said it was 15? 15B3 and D8, I think, effectively say the same thing. Basically, if you're an officer and you file the exemption, then you're not an employee. But that's where it says, as provided in 440.05, you're not an employee. That's the provision that deals with the payment of benefits. It's not taking you out of an employee for 440.02. 440.02 is where the definition of an employee is. So, in that, your interpretation, you don't get the benefits, but you can't sue the employee? Yes. And that's exactly what some of the statutory employer immunity cases talk about, is there is a place. The presumption is that someone who is an owner of their own business is only going to want to file an exemption if they have otherwise, like I'm exempt. We have good health insurance. We have a good disability policy. Why pay the premium on my salary in my law firm to have workers' compensation benefits for me when I can get better health insurance and better disability insurance than workers' comp that's available? Unfortunately, the statute allows anybody who owns a business to file an exemption so that they don't have necessarily any proof that those people are otherwise well insured. I'm not in agreement with that exemption in the way that it's written in the statute, but that is the de facto result of the way the statute is written. But the provision actually takes away the employee definition in 05, which then takes away the benefits. Okay. Thank you, Counsel. Thank you, Your Honor. We'll take that case and the others under submission and stand in recess until some other panel somewhere else has a reply.